# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10750
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANTOS MONDRAGON BENITEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-15-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Santos Mondragon Benitez appeals the procedural reasonableness of his 84-month sentence, which was imposed by the district court as an upward variance from the guidelines range. He argues that the district court committed procedural error by basing the upward variance, in part, on the need to protect the public, which he contends was based on an erroneous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10750

finding that he posed a danger to the public.  He did not object to his sentence on this basis in the district court.

When, as in this case, an appellant fails to raise an objection to the procedural reasonableness of his sentence in the district court, our review of that challenge is for plain error only.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  Here, the appellant argues that plain error review should not apply, however, because he could not have objected to the alleged procedural error until the district court issued its written statement of reasons indicating that the variance was based, in part, on the need to protect the public.  We need not decide whether plain error review applies because this sentencing claim fails even under the ordinary abuse of discretion standard.  *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010).

Although the district court made no explicit factual finding that the appellant was a danger to others, the record supports the district court's determination that the need for the sentence to protect the public was one of several factors warranting a sentence above the guidelines range.  The presentence report, which the district court adopted, set forth facts showing that the appellant engaged in criminal conduct without regard to the public's safety, and the district court was within its discretion to consider those facts, which the appellant did not contest or establish to be materially untrue, inaccurate, or unreliable.  *See United States v. Soza*, 874 F.3d 884, 897 (5th Cir. 2017).

The appellant has not shown that the district court selected the sentence based on clearly erroneous facts or committed any procedural error, much less a significant one, by imposing the upward variance based in part on the need to protect the public from further criminal conduct.  *See Gall v. United States*,

No. 19-10750

552 U.S. 38, 51 (2007).    Accordingly, the district court's judgment is AFFIRMED.